IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SECURITIES AND EXCHANGE COMMISSION,**

   **Plaintiff,**

**v.**                     Civil Action No. 5:23-CV-372

**DIANA MAE FERNANDEZ,**

   **Defendant.**

## UNITED STATES' MOTION TO INTERVENE AND STAY PROCEEDINGS

   Comes now, the United States of America, through undersigned counsel, and, pursuant to Fed. R. Civ. P. 24, moves to intervene in this civil action. The United States also moves to stay all proceedings in this action pending resolution of the parallel criminal case pending against the Defendant, Diana Mae Fernandez. In support of this Motion, the United States avers as follows:

1. On April 4, 2023, a federal grand jury for the Northern District of West Virginia returned an indictment charging Diana Mae Fernandez with four counts of wire fraud in violation of 18 U. S. C. § 1343 and one count of securities fraud in violation of Title 15 U. S C. § 78j(b) and 78ff(a) and 17 C. F. R. § 240.10-b5. *See United States v. Fernandez*, Criminal Action No. 5:23-CR-30, at Doc. 1. The indictment included a forfeiture allegation seeking a money judgment in the amount of at least $300,000. *See id.*

2. As set forth in the April 4, 2023 indictment, Fernandez, through companies known as "The Self Made Success" and "Diana Mae K., LLC," devised a scheme to defraud and obtain money from investors in the Northern District of West Virginia between May 2018 through January 2021. Specifically, the indictment alleges that Fernandez purported to connect investors to capital through various investment opportunities. In furtherance of this fraud scheme, the indictment alleges that:

- Fernandez solicited "no-risk" investments that she "guaranteed" to earn a profit.

- Upon receipt of the investment money via online payment and wire transfer, Fernandez used the money to fund personal purchases but did not invest the money as promised.

- When distributions became due, Fernandez persuaded investors to "roll over" the investments.

- When investors opted for distributions, Fernandez claimed falsely that payments were delayed and falsified documents to support those claims.

- Fernandez sent emails directly to the banks of investors, claiming falsely that her bank records showed the wires were debited from her account when, in fact, she had not commenced the wires and her account did not hold a balance sufficient to fund the wires.

- Fernandez claimed falsely that a third-party legal and accounting representative would contact the investors to arrange payments.

- Fernandez claimed falsely that she was partnering with a company called BlackRock Capital to pay the investors.

- Fernandez claimed falsely that Diana Mae K., LLC had filed bankruptcy and that a trustee and an attorney would contact her investors because she had listed them as creditors in the bankruptcy petition.

- Fernandez eventually refused to respond to any further inquiries from her investors about payment.

3. On December 21, 2023, the Securities and Exchange Commission ("SEC") filed this civil action against Fernandez, alleging violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. *See* Doc. 1. Fernandez was served with the Complaint and Summons on February 2, 2024. *See* Doc. 6. The Complaint alleges that:

- Between December 2017 and March 2020, Fernandez raised more than $360,000 from at least 20 investors, falsely claiming that she would invest their funds in private and publicly traded companies, "cryptocurrency," and luxury real estate. *See id*. at ¶ 22.

- In soliciting investments, Fernandez instructed her victims to wire money directly to her bank account, or to send funds to her PayPal address. *See id*. at ¶ 23.

- Fernandez exercised sole control over these accounts, but instead of using such funds as promised, she used the vast majority of investor proceeds for her personal benefit and the remainder to make Ponzi payments to investors to allow the fraud to continue. *See id*. at ¶ 24.

- Fernandez comingled the investor funds with her own funds into her personal bank and PayPal accounts, and used investor money as her own to pay for her day-to-day living expenses and lavish hotel stays, fund numerous cash withdrawals, and make Ponzi-like payments to earlier investors. *See id*. at ¶ 25.

- The balance of Fernandez's checking account followed a consistent pattern of being spent down to the verge of depletion until she found another victim to replenish the account with additional funds earmarked for investment. *See id*. at ¶ 26.

4.  Pursuant to Fed. R. Civ. P. 24(b), upon timely application, a third party may intervene as of right in an action when an "applicant's claim or defense and the main action have a question of law or fact in common." Courts that have addressed a motion to intervene for the limited purpose of seeking a stay in a civil action filed on behalf of the United States have allowed

3

intervention where the civil action shares the same common questions of fact as a parallel criminal proceeding. *see Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 529-30 (S. D. W. Va. 2005) citing *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (allowing United States to intervene under Rule 24(b) for the limited purpose of seeking a stay of discovery); *Twenty First Century Corp. V. LaBianca*, 801 F. Supp. 1007, 1009 (S. D. N. Y. 1992) (same); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp.2d 6, 8 (D. Conn. 2002) (granting United States' motion to intervene finding that the parallel criminal and civil actions involved common questions of fact and law); *see also SEC v. Chestman*, 861 F.2d 49, 50 (2nd Cir. 1988) (finding that district court did not clearly abuse its discretion allowing United States to intervene whether under Rule 24(a) or (b)).

5. Here, the facts underlying the criminal and civil cases against Fernandez substantially overlap. Both matters involve Fernandez's scheme to defraud and obtain money from investors in the Northern District of West Virginia. The evidence and witnesses in both cases will thus materially overlap, and any restitution recovered in the criminal case may affect the damages ultimately recoverable in the civil case. Because the criminal proceedings and the civil action here involve common questions of fact, specifically whether Fernandez intentionally defrauded investors out of their money by engaging in the offer and sale of securities, the United States should be permitted to intervene under Fed. R. Civ. P. 24(b).

6. In addition to intervention, the United States moves to stay all proceedings in the civil action pending resolution of the parallel criminal case. District courts have discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

4

itself, for counsel, and for litigants." *Maryland v. Universal Elections*, 729 F.3d 370, 379 (4th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Civil proceedings should be deferred pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action. "[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem [] to require such action, sometimes at the request of the prosecution, […] sometimes at the request of the defense [.]'" *Ashworth*, 229 F.R.D. at 530 (citing *SEC v. Dresser*, 202 U.S. App. D.C. 345, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

7. Courts have considered the following factors in the exercise of that discretion: "(1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Ashworth*, 229 F.R.D. at 530 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995)).

8. A stay, and any subsequent delay in proceedings, will not prejudice Fernandez, as she was served in February 2024 but has yet to appear in this civil action.

9. Permitting civil proceeding, including discovery, to move forward may interfere with the integrity of the criminal process and possibly impact the success of the criminal prosecution. *See, e.g., S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008) (noting that a stay of a civil SEC proceeding is appropriate to maintain the integrity of the criminal discovery

mechanisms, which are "designed to protect the integrity and truth-seeking function of the criminal process").

10.     Considerations of judicial economy favor a stay, and resolution of the criminal case may streamline discovery in this civil action.

11.     The United States, a third party, is moving to intervene through this Motion and "has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in [a related] criminal matter." *Ashworth*, 229 F.R.D. at 532 (quoting *Chestman*, 861 F.2d at 50).

12.     The public's interest in prosecuting the criminal fraud scheme against citizens of the Northern District of West Virginia trumps the public's interest in resolution of the civil matter.

13.     Therefore, the United States moves that this civil proceeding be stayed pending resolution of the parallel criminal case brought against Fernandez. *See United States v. Fernandez*, Criminal Action No. 5:23-CR-30, at Doc. 1.

14.     Plaintiff, SEC, does not oppose intervention by the United States or a stay in this matter.

Wherefore, the United States moves to intervene in this civil action and moves to stay all civil proceedings pending resolution of the parallel criminal case.

WILLIAM IHLENFELD
UNITED STATES ATTORNEY

By:     */s/ Jordan V. Palmer*
        Jordan V. Palmer (WVSB #12899)
        Assistant United States Attorney
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        P.O. Box 591
        Wheeling, WV 26003
        (304) 234-0100 office
        (304) 234-0110 facsimile
        Jordan.Palmer@usdoj.gov
        *Counsel for the United States*
